1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11

CARLOS SANCHEZ,                                1: 06 CV 01379 OWW WMW HC

12
                        Petitioner,           MEMORANDUM OPINION AND ORDER RE
13                                             MOTION TO DISMISS PETITION FOR WRIT
                                               OF HABEAS CORPUS
14      v.
                                               [Doc. 8]
15
ADAMS, WARDEN,
16
                        Respondent.
17  _____/

18
19
20

        Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28

21
U.S.C. Section 2254.  Pending before the court is Respondent's motion to dismiss.

22
                              **PROCEDURAL HISTORY**

23
        On October 24, 2001, following a jury trial in Fresno County Superior Court, Petitioner was

24
convicted of five counts of second degree robbery (Pen. Code § 211) and one count of attempted

25
second degree robbery (Pen. Code §§ 664/211), as well as numerous firearm allegations and one

26
prior prison term allegation.  On November 21, 2001, the trial court sentenced Petitioner to serve a

27
term of twenty-eight years, four months in state prison.

28

1   Petitioner filed a direct appeal and on March 2, 2003, the California Court of Appeal, Fifth
2   Appellate District, affirmed the conviction but reversed the prior prison term enhancement.  The
3   matter was remanded for retrial on the prior prison term enhancement.

4   Petitioner filed a petition for review with the California Supreme Court, which denied the
5   petition on May 14, 2003.

6   On September 4, 2003, the Fresno County Superior Court filed a first amended abstract of
7   judgment.  The prior prison term enhancement was not retried.  Petitioner was resentenced to a total
8   prison term of twenty-seven years, four months.

9   Petitioner did not appeal from the resentencing proceedings.

10   On March 26, 2004, Petitioner filed a petition for writ of habeas corpus in this court in case
11   number 1: 04 - CV - 5490 AWI  TAG.  On March 23, 2005, the petition was dismissed without
12   prejudice on the ground that it contained both exhausted and unexhausted claims.

13   On March 24, 2005, Petitioner filed a petition for writ of habeas corpus with the California
14   Supreme Court.  The court denied the petition on February 8, 2006, with citations to <u>In re Lindley</u>,
15   29 Cal.2d 709 (1947) and <u>In re Waltreus</u>, 62 Cal.2d 218 (1965).

16   Petitioner filed the present federal petition on October 4, 2006.

**LEGAL STANDARD**

18   <u>JURISDICTION</u>

19   Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant
20   to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of
21   the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  <u>Williams v. Taylor</u>, 120 S.Ct.
22   1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by
23   the United States Constitution.  In addition, the conviction challenged arises out of the Fresno
24   County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a);
25   2241(d).  Accordingly, the court has jurisdiction over the action.

26   On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
27   1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.
28   <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.

586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction.  Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made

1   by the state court unless the petitioner can rebut "the presumption of correctness by clear and

2   convincing evidence."  28 U.S.C. § 2254(e)(1); <u>Purkett v. Elem</u>, 514 U.S. 765, 115 S.Ct. 1769

3   (1995); <u>Thompson v. Keohane</u>, 516 U.S. 99, 116 S.Ct. 457 (1995); <u>Langford v. Day</u>, 110 F.3d 1380,

4   1388 (9th Cir. 1997).

5                                          **DISCUSSION**

6           Respondent moves to dismiss this petition on the ground that it is untimely and barred by the

7   statute of limitations.  Petitioner has not responded to the motion.

8           Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

9   Petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

10  Petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5

11  of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be

12  raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground."

13  The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to

14  dismiss under Rule 4 of the Rules Governing § 2254 Cases.  <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915

15  F.2d 418, 420 (1991); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989); <u>Hillery v. Pulley</u>, 533

16  F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and

17  case law, the court will review Respondent's motion to dismiss pursuant to its authority under Rule

18  4.

19          The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

20  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision

21  (d) reads:

22          (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
        corpus by a person in custody pursuant to the judgment of a State court.  The
23      limitation period shall run from the latest of –

24          (A) the date on which the judgment became final by the conclusion of direct
        review or the expiration of the time for seeking such review;

25

26          (B) the date on which the impediment to filing an application created by
        State action in violation of the Constitution or laws of the United States is removed, if
        the applicant was prevented from filing by such State action;

27

28          (C) the date on which the constitutional right asserted was initially recognized by
        the Supreme Court, if the right has been newly recognized by the Supreme Court and made

1    retroactively applicable to cases on collateral review; or

2        (D) the date on which the factual predicate of the claim or claims presented
     could have been discovered through the exercise of due diligence.

3

4        (2) The time during which a properly filed application for State post-conviction or
     other collateral review with respect to the pertinent judgment or claim is pending shall
     not be counted toward any period of limitation under this subsection.

5

6        In this case, Petitioner's direct appeal process became final on November 4, 2003, following

7    the expiration of the sixty-day time period which Petitioner had to file an appeal following the

8    resentencing proceedings of September 4, 2003.  Therefore, under the AEDPA's one-year limitation

9    period, the statute of limitations was set to expire on November 4, 2004, absent tolling.

10       As set forth above, Petitioner filed a petition for habeas corpus in this court before he filed

11   any petition for collateral relief in the state courts.  This petition was filed prior to the expiration of

12   the statute of limitations, but did not serve to toll the running of the statute.   Although the

13   limitations period is tolled while a properly filed request for collateral review is pending in state

14   court, 28 U.S.C. § 2244(d)(2), it is not tolled for the time an application is pending in federal court.

15   Duncan v. Walker, 121 S.Ct. 2120, 533 U.S. 167 (2001).

16       Petitioner did not file his petition for writ of habeas corpus in the California Supreme Court

17   until March 24, 2005.  This petition, filed after the expiration of the statute on November 4, 2004,

18   did not serve to toll the running of the statute.  See Green v. White, 223 F.3d 1001, 1003 (9th

19   Cir.2000) (petitioner is not entitled to tolling where the limitations period has already run); see also

20   Webster v. Moore, 199 F.3d 1256 (11th Cir.2000). Accordingly, the court must conclude that

21   Petitioner is not entitled to statutory tolling and that absent equitable tolling, this petition is untimely.

22       The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a

23   prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S.

24   Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107

25   F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v.

26   United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), overruled in part on other grounds

27   by, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc) (noting that

28   "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if

1   'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on

2   time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to

3   file a timely claim, equitable tolling of the statute of limitations may be appropriate." <u>Miles v.</u>

4   <u>Prunty</u>, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* <u>Kelly</u>, 163 F.3d at 541; <u>Beeler</u>, 128 F.3d at

5   1288-1289.

6        The court has reviewed the petition in this case and no basis for equitable tolling is apparent.

7   Petitioner has not opposed the motion to dismiss, and therefore has not presented an argument in

8   support of equitable tolling.  Accordingly, the court must conclude that Petitioner is not entitled to

9   equitable tolling and that this case is barred by the statute of limitations.

10

11       Petitioner may seek to appeal from the judgment of the court in this case.  Petitioner cannot

12  proceed on such an appeal absent a certificate of appealability.  The controlling statute, 28 U.S.C. §

13  2253, provides as follows:

14       (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge,
         the final order shall be subject to review, on appeal, by the court of appeals for the circuit in
15       which the proceeding is held.
         (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a
16       warrant to remove to another district or place for commitment or trial a person charged with a
         criminal offense against the United States, or to test the validity of such person's detention
17       pending removal proceedings.
         (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not
18       be taken to the court of appeals from--
         (A) the final order in a habeas corpus proceeding in which the detention complained of arises
19       out of process issued by a State court;  or
         (B) the final order in a proceeding under section 2255.
20       (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made
         a substantial showing of the denial of a constitutional right.
21       (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or
         issues satisfy the showing required by paragraph (2).
22

23       In the present case, the court finds no denial of a constitutional right.  Accordingly, a

24  certificate of appealability will be denied.

25

26       Based on the foregoing, IT IS HEREBY ORDERED as follows:

27  1)    Respondent's motion to dismiss is GRANTED;

28  2)    This petition for writ of habeas corpus is DISMISSED as barred by the statute of limitations;

1  3)      A certificate of appealability is DENIED;

2  4)      The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

3

4  IT IS SO ORDERED.

5  **Dated:     February 11, 2008**                    **/s/ Oliver W. Wanger**
                                                   UNITED STATES DISTRICT JUDGE